UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

JAN'E COLAHAR,

     Plaintiff,

     v.

JOSE LAZARTE,

     Defendant.

Civil Action No. TDC-23-0024

## MEMORANDUM ORDER

Self-represented Plaintiff Jan'e Colahar has filed a Complaint against Defendant Jose Lazarte in which she asserts a claim of negligence arising from an incident in which a vehicle operated by Lazarte collided with her vehicle and caused her to sustain injuries. Lazarte has filed a Motion to Dismiss for insufficient service of process. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion to Dismiss will be GRANTED IN PART and DENIED IN PART.

## BACKGROUND

On January 5, 2023, Colahar filed a Complaint against Lazarte and four other defendants, provided the Clerk with copies of summonses for each defendant, and paid the required filing fee. On October 24, 2023, the Court granted Motions to Dismiss filed by the four other defendants and dismissed them from the case.

On December 1, 2023, after finding that the summons for Lazarte had never been issued, the Court directed the Clerk to issue a signed and sealed summons ("the Summons") to Colahar and required Colahar to serve Lazarte within 90 days. On December 29, 2023, Colahar filed Proof

of Service signed by an individual who identified herself as a process server and who attested that she had served Lazarte.

On January 12, 2024, Lazarte filed a Notice of Intent to File a Motion to Dismiss in which he argued that dismissal was warranted based on insufficient service of process. The Notice stated that Lazarte was not served a copy of the Complaint with the Summons, as required by Federal Rule of Civil Procedure 4(c)(1). On January 26, 2024, Colahar filed a Notice in which she apologized for "inadvertently" failing to include the Complaint and stated that she had sent to Lazarte a copy of the Complaint and Summons by certified mail. Pl.'s Notice at 1, ECF No. 46. On February 23, 2024, with leave of the Court, Lazarte filed the present Motion to Dismiss pursuant to Rules 12(b)(4) and 12(b)(5) to which he an attached an affidavit in which he asserted that he received the Summons but was not with served the Complaint or any other documents. On March 25, 2024, to address Colahar's assertion that she later sent the Complaint and Summons by certified mail, Lazarte filed a supplemental brief in which he asserted that the mailing did not comply with the Maryland rule for service of process because the mailing was not sent using restricted delivery, it was delivered to his neighbor, and three pages of the Complaint were missing.

## DISCUSSION

Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) authorize dismissal of a case for insufficient process and service of process. A plaintiff defending against a Rule 12 motion for insufficient process and service of process bears the burden to demonstrate that service was adequate. *Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 304 (4th Cir. 2016) (citing *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010)). Although the "plain requirements for the means of effecting service of process may not be ignored," a "technical violation of the rule" or a "failure of strict compliance may not invalidate the service of process" when a defendant

2

has received actual notice of a case. *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

Under Rule 4, the plaintiff is responsible for having a summons and copy of the complaint served on the defendant within 90 days after the complaint is filed. Fed. R. Civ. P 4(c)(1), (m). An individual may be served in any manner specified in Rule 4(e), which includes "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there" or "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P 4(e)(1), (2)(B). Under Maryland law, service of process may be made by sending a copy of the summons, complaint, and any other filings "by certified mail requesting: 'Restricted Delivery—show to whom, date, address of delivery.'" Md. Rule 2-121(a).

Here, the process served on Lazarte was, on both occasions, insufficient. On the first occasion, Lazarte received only the Summons, without the Complaint, and therefore had no notice of the substance of the claim against him. *See* Fed. R. Civ. P. 4(c)(1). As to the second, Lazarte asserts, and Colahar has not contested, that the Complaint was not sent using Restricted Delivery, was actually delivered to a neighbor, and was missing three pages. Notably, the missing pages included the most specific allegations against him. Accordingly, this is not a case of inexact but substantial compliance with the applicable rule.

Although service of process was not properly completed, dismissal does not necessarily follow. If a court determines that service of process is insufficient, the Court has discretion to dismiss the case under Rule 12 or instead to simply quash the service of process. *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992); *see also Vorhees v. Fischer & Krecke*, 697 F.2d 574, 575-76 (4th Cir. 1983) (finding that although service of process was invalid, it "should have been

3

quashed without dismissing the case," and the plaintiffs "should be given a reasonable opportunity to attempt to effect valid service of process on the defendant in a manner complying" with the relevant requirements). Dismissal is generally inappropriate "when there exists a reasonable prospect that service may yet be obtained." *Umbenhauer*, 969 F.2d at 30.

The fact that the 90-day period for service has expired does not necessitate dismissal. Rule 4(m) provides that if a defendant is not timely served, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Notably, under Rule 4(m), "a district court possesses discretion to grant the plaintiff an extension of time to serve a defendant with the complaint and summons even absent a showing of good cause." *Gelin v. Shuman*, 35 F.4th 212, 220 (4th Cir. 2022).

Here, Colahar, who is self-represented, has twice failed to effect service properly, but she has acted reasonably diligently in her efforts. As a self-represented plaintiff, Colahar did not have the benefit of counsel in navigating the procedural rules. After Colahar was made aware of the deficiency in the original service through Defendant's Notice of Intent to File a Motion to Dismiss, she acted promptly to make a reasonable effort to correct service when she sent the Complaint to Lazarte by certified mail. *See Scott*, 673 F. App'x at 306. Notably, much of the 90-day period elapsed while Colahar was apparently under the impression that one or both of her attempts at service had been successful, so there remains a reasonable prospect that service can be accomplished. Finally, where the vehicle accident underlying this case occurred on January 8, 2020, dismissal would be a "harsh and unwarranted outcome in view of the likely bar to future litigation . . . based on the statute of limitations." *Collins v. Thornton*, 782 F. App'x 264, 268 (4th Cir. 2019); *see* Md. Code Ann., Cts. & Jud. Proc. § 5-101 (West 2020) (stating that a civil action at law must be filed within three years of the date the action accrues); *see also Coleman v.*

4

*Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002) ("Where . . . dismissal without prejudice has the effect of dismissal with prejudice because the statute of limitations has run since the filing of the suit . . . most district judges probably would exercise lenity and allow a late service.").

The Court therefore finds that, as a matter of discretion, the proper course is to quash the prior service but not to dismiss the case at this time, and to extend the service deadline to allow for a final opportunity to serve Lazarte properly. *See, e.g., Baker v. Legal & Gen. Am., Inc.*, ELH-15-1203, 2016 WL 3653967 at *7 (D. Md. July 7, 2016) (declining to dismiss based on insufficient service of process and instead quashing the service of process and granting an extension of the time within which to effect service); *Riviera v. City of Chesapeake*, RAJ-22-0027, 2022 WL 4357437 at *1 (E.D. Va. Sept. 20, 2022).

## CONCLUSION

For the foregoing reasons, is hereby ORDERED that:

1.  Lazarte's Motion to Dismiss, ECF No. 51, is GRANTED IN PART and DENIED IN PART in that the service of process is quashed, but the Court will not dismiss the case.

2.  The Clerk shall issue new signed and sealed Summons to Colahar.

3.    Colahar must serve Lazarte with the Summons and a full copy of the Complaint

pursuant to the requirements of Federal Rule of Civil Procedure 4 within **21 days**

of the date of this Order.  Colahar is forewarned that the failure to comply with this

Order by that deadline, or the failure to comply with the requirements of Rule 4,

may result in the dismissal of this case without further notice.

Date:  April 18, 2024

THEODORE D. CHUANG
United States District Judge

6